# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: IMERYS TALC AMERICA, INC., *et al.*, | : | Chapter 11 |
| | : | |
| Debtors. | : | Case No. 19-10289 (LSS) |
| | : | (Bankr. D. Del.) |
| | : | |
| | : | (Jointly Administered) |

_____

| | | |
|---|---|---|
| In re: CYPRESS MINES CORPORATION, | : | Chapter 11 |
| | : | |
| Debtor. | : | Case No. 21-10398 (LSS) |
| | : | (Bankr. D. Del.) |

_____

| | | |
|---|---|---|
| | : | |
| RMI INSURERS, | : | |
| | : | |
| Appellant, | : | Civ. No. 24-1232 (TLA) |
| v. | : | Civ. No. 24-1233 (TLA) |
| | : | |
| IMERYS TALC AMERICA, INC. *et al.*, | : | |
| | : | |
| Appellees. | : | |

_____

## **OPINION AND ORDER**

In February, this Court entered an oral order denying Appellants' Motion to Stay Distribution of Certain Assets Pending Resolution of Appeal. DI 13. In that order, the Court explained that "the current briefing raises doubts" as to whether Appellants "have a 'contractual subrogation right' to any and all settlement proceeds received by the Debtors, even if those proceeds are unrelated (as they are by the terms of the Settlement Order) to any claims previously paid or defended by Appellants." *Id.* At that time, Appellants had cited no authority for their "novel, expansive theory of subrogation." *Id.*

The briefing on the merits fails to provide additional persuasive authority. Though in that oral order the "parties [were] advised to include discussion of Appellants' subrogation rights in their merits briefs," DI 13, Appellants mostly recycle their subrogation argument from their briefing on the motion to stay. *Compare* DI 6 at 14–17 (motion for stay, setting out prior novel, expansive theory of subrogation)*, with* DI 17 at 22–28 (brief on the merits, citing same prior unavailing sources and making substantially same argument).

The Court remains unpersuaded by Appellants' view of the subrogation rights at issue here. As Appellees explain, and Appellants fail to counter, the subrogation provision at issue here "does not provide [Appellants] with an expansive right to any payments the insured receives from a tortfeasor, regardless of" those payments' "connection to claims [Appellants] paid." DI 39 at 36.

For these reasons, **IT IS ORDERED** that the order of the Bankruptcy Court is **AFFIRMED.** *See* DI 1-1 (Order (I) Approving The Amended And Restated Settlement Agreement Between The Imerys Debtors, The Cyprus Debtor, Johnson & Johnson, And The Other Parties Thereto, And (Ii) Approving The Sale Of Certain Rights).

**IT IS FURTHER ORDERED** that Appellants' motion for Judicial Notice (DI 44) is **GRANTED.**

The Clerk of Court is directed to close this case and all consolidated cases.

**Wilmington, Delaware, this 21st day of August, 2025.**

/s/ Thomas L. Ambro
**United States Circuit Judge**
